IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL NATIONAL MORTGAGE ASSOCIATION,** : | |
| Plaintiff, : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:10-CV-3391-TWT-AJB** |
| : | |
| **NORMA A. AVENDANO** *and* : | |
| **MARK ANTEBI,** : | |
| : | |
| Defendants. : | |

**ORDER FOR SERVICE OF**
**REPORT AND RECOMMENDATION**

Attached is the Report and Recommendation of the United States Magistrate Judge made in accordance with 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); N.D. Ga. R. 72.1(B), (D); and Standing Order 08-01 (N.D. Ga. June 12, 2008). Let the same be filed and a copy, with a copy of this order, be served upon counsel for the parties or, if a party is not represented, upon that party directly.

Pursuant to 28 U.S.C. § 636(b)(1), each party may file written objections, if any, to the Report and Recommendation within **fourteen (14)** days of service of this Order. Should objections be filed, they shall specify with particularity the alleged error(s) made (including reference by page number to any transcripts if applicable) and shall be

served upon the opposing party. The party filing objections will be responsible for obtaining and filing the transcript of any evidentiary hearing for review by the District Court. If no objections are filed, the Report and Recommendation may be adopted as the opinion and order of the District Court and any appellate review of factual findings will be limited to a plain error review. *United States v. Slay*, 714 F.2d 1093 (11th Cir. 1983).

The Clerk is directed to submit the Report and Recommendation with objections, if any, to the District Court after expiration of the above time period.

**IT IS SO ORDERED and DIRECTED**, this 28th day of October, 2010.

_____
**ALAN J. BAVERMAN**
**UNITED STATES MAGISTRATE JUDGE**

AO 72A
(Rev.8/82)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| **FEDERAL NATIONAL** : | |
| **MORTGAGE ASSOCIATION,** : | |
| : | |
| **Plaintiff,** : | |
| : | **CIVIL ACTION FILE NO.** |
| v. : | **1:10-CV-3391-TWT-AJB** |
| : | |
| **NORMA A. AVENDANO** *and* : | |
| **MARK ANTEBI,** : | |
| : | |
| **Defendants.** : | |

## UNITED STATES MAGISTRATE JUDGE'S
## FINAL REPORT AND RECOMMENDATION

This matter is currently before the Court on Defendants' application to proceed *in forma pauperis* ("IFP"), [Doc. 1]; Defendants' *pro se* Notice of Removal of Civil Action to the United States District Court, [Doc. 1-1]; and Defendants' Motion for Emergency Motion to Stay the State Court Proceedings, [Doc. 2]. For the reasons below, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' application to proceed IFP, **DENY** Defendants' motion for an emergency stay of the state court proceedings, and **REMAND** the case to the Magistrate Court of Gwinnett County, Georgia.

AO 72A
(Rev.8/8
2)

*Introduction*

In the Magistrate Court of Gwinnett County, Plaintiff Federal National Mortgage Association ("FNMA") filed a dispossessory proceeding against Defendants Norma A. Avendano and Mark Antebi. [*See* Doc. 1-2 at 1]. Defendants, proceeding *pro se*, have filed a notice of removal of FNMA's dispossessory action from the Magistrate Court of Gwinnett County, [Doc. 1-1], an application to proceed IFP, [Doc. 1], and a motion for an emergency stay of the state court proceedings, [Doc. 2]. Apparently, the Magistrate Court of Gwinnett County has given a writ of possession to Plaintiff as of today, October 28, 2010. [Doc. 2 at 6]. As a basis for removal, Defendants: (1) claim that "the magistrate courts [did] not obtain a waiver or even make it known to the litigants that the litigants have a right to a jury trial . . . in direct and deliberate violation of the Seventh Amendment of the United States Constitution," [Doc. 1-1 at 3-4]; and (2) appear to claim that the Georgia state code unconstitutionally limits the rights of defendants in dispossessory proceedings as compared to other civil litigants, in violation of the Fourteenth Amendment's Equal Protection Clause, [*id.* at 5-11]. The undersigned first turns to Defendants' request to proceed IFP before examining whether they are authorized to remove the state court case to federal court.

2

AO 72A
(Rev.8/8
2)

*Discussion*

  A. *Defendants' Application to Proceed IFP*

Defendants' application to proceed IFP does not itself indicate where Defendants reside, [*see* Doc. 1 at Question 13], but other documents attached to the application indicate that they live in Lawrenceville, Georgia, [Doc. 1-1 at 12; Doc. 1-2 at 1; Doc. 1-3 at 2; Doc. 1-4 at 1]. Although it is unclear which Defendant filled out the application, one of them is employed and makes $3,080 per month, while the other is unemployed and makes between $300-400 per month. While they together made an average of $850 per month on income from real property over the last twelve months, they do not expect that income next month. They appear to share a checking account holding $1,800. As for major assets, they have a home worth $103,000, a 2007 Nissan Sentra that they estimate is worth $9,000-10,000, and a 1996 Honda Passport worth between $900-1,100. No one appears to owe them money, and they have no dependents. For monthly expenses, they list $250 for food, $120 for transportation, $155 for their combined car insurance payments, $307 in car payments, and $60 for credit card payments.[1] Defendants also state that they have paid or will be paying someone other than an

---

  [1] Inexplicably, Defendants have then each listed "$0.00" for their monthly expenses. [Doc. 1 at 5].

3

attorney $1,200 for services in connection with this case, but they do not list the person's name or contact information (contrary to the instructions of Question 11).

The Court "may authorize the commencement . . . of any suit, action, or proceeding . . . without payment of fees and costs or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[2] possesses that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915(a). This section is intended to provide indigent litigants with meaningful access to courts. *Neitzke v. Williams*, 490 U.S. 319, 324 (1988 ); *Adkins v. E.I. duPont de Nemours & Co.*, 335 U.S. 331, 342-43 (1948); *see also Attwood v. Singletary*, 105 F.3d 610, 612 (11th Cir. 1997) (Section 1915 is designed to ensure "that indigent persons will have equal access to the judicial system.").

Thus, § 1915 authorizes suits without the prepayment of fees and costs for indigent litigants. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). It bears emphasizing that § 1915 creates no absolute right to proceed in civil actions without payment of costs. Instead, the statute conveys only a privilege to proceed to those litigants unable to pay filing fees when the action is not frivolous or malicious. *Startti v. United States*,

---

[2] Although Congress used the word "prisoner" here, § 1915 applies to non-prisoner indigent litigants as well as prisoners. *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

4

415 F.2d 1115, 1116 (5th Cir. 1969).³  Moreover, while the privilege of proceeding IFP does not require a litigant to demonstrate absolute destitution, it is also clear that "something more than mere statement and an affidavit that a man is 'poor' should be required before a claimant is allowed to proceed *in forma pauperis*." *Levy v. Federated Dept. Stores*, 607 F. Supp. 32, 35 (S.D. Fla. 1984); *Evensky v. Wright*, 45 F.R.D. 506, 507-08 (N.D. Miss. 1968).  The affidavit required by the statute must show an inability to prepay fees and costs without foregoing the basic necessities of life.  *Adkins*, 335 U.S. at 339; *Zuan v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980).

Because Defendants' monthly income is between $3,380-3,480 and their monthly expenses appear to total $892, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' application to proceed IFP.  Given that this a removal action, however, the undersigned will proceed to consider whether this Court has subject matter jurisdiction over Defendants' claims.

B.   *Defendant's Removal*

A defendant may remove a case from state to federal court if the federal court has original jurisdiction over the case.  28 U.S.C. § 1441(a).  However, "a court should

---

³   In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit rendered prior to the close of business on September 30, 1981.

5

inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." *Univ. of S. Ala. v. Am. Tobacco Co.*, 168 F.3d 405, 410 (11th Cir. 1999). Thus, a "district court first must determine whether it has original jurisdiction over the . . . claims" of the party asserting federal jurisdiction. *Id.* Original jurisdiction under § 1441 arises if there is diversity of parties or a federal question. *See* 28 U.S.C. § 1441(b); *Geddes v. Am. Airlines, Inc.*, 321 F.3d 1349, 1352 n.2 (11th Cir. 2003); *Blab T.V. of Mobile, Inc. v. Comcast Cable Commc'ns, Inc.*, 182 F.3d 851, 854 (11th Cir. 1999). "The district court may remand a case sua sponte for lack of subject matter jurisdiction at any time." *Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc.*, 561 F.3d 1294, 1296 (11th Cir. 2009); *see also* 28 U.S.C. § 1447(c) ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

Defendants seek removal of the state court case apparently on the grounds that the proceedings violate the Seventh and Fourteenth Amendments. The undersigned also examines whether there is diversity jurisdiction. For the reasons discussed below, the undersigned concludes that Defendants improvidently removed this case from the Magistrate Court of Gwinnett County.

### *1.     Diversity Jurisdiction*

Under 28 U.S.C. § 1332, district courts "have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and is between citizens of different states. 28 U.S.C. § 1332(a). Under § 1332(a), an in-state plaintiff may invoke diversity jurisdiction in a federal court that sits in the state where the plaintiff resides. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005). The removal statute does not provide an in-state defendant the same flexibility in removing cases. *Id.* at 89-90 ("The scales are not evenly balanced, however[,]" for plaintiffs bringing a case under diversity jurisdiction and for defendants removing a case under diversity jurisdiction.). Instead, § 1441(b) bars removal on the basis of diversity if the "defendant[] is a citizen of the State in which [the] action is brought." *Id.* at 90 (quoting 28 U.S.C. § 1446(b)); *see also Caterpillar Inc. v. Lewis*, 519 U.S. 61, 69 (1996).

The undersigned concludes that Defendants cannot show diversity jurisdiction for two reasons. First, Defendants cannot meet the amount-in-controversy requirement. As a District Judge in the Northern District of Georgia has held in a similar context:

> In this case, Defendant has failed to demonstrate that either there is diversity of citizenship between him and Defendant or that the amount in controversy in this matter exceeds $75,000.00. As a dispossessory

7

> proceeding under Georgia law is not an ownership dispute, but rather only a dispute over the limited right to possession, title to the property is not at issue and, accordingly, the removing defendant may not rely on the value of the property as a whole to satisfy the amount in controversy requirement. *See Novastar Mortgage, Inc. v. Bennett*, 173 F. Supp. 2d 1358, 1361-62 (N.D. Ga. 2001) (holding on nearly identical facts that claim for ejectment in summary dispossessory proceeding after foreclosure sale cannot satisfy the amount in controversy requirement as a matter of law). Accordingly, 28 U.S.C. § 1332 cannot serve as a basis for removal.

*Fed. Home Loan Mortg. Corp. v. Williams*, Nos. 1:07-CV-2864-RWS, 1:07-CV-2865-RWS, 2008 WL 115096, at *2 (N.D. Ga. Jan. 29, 2008) (Story, J.) (unpublished). As a result, Defendants cannot meet the amount-in-controversy requirement in this dispossessory proceeding.

Second, even if Defendants could establish the amount-in-controversy requirement, the undersigned finds that § 1441(b) does not permit removal on diversity grounds to the Northern District of Georgia because Defendants are citizens of the State of Georgia, which is the state where FNMA's dispossessory proceeding was brought. Stated another way, Defendants, citizens of Georgia, cannot remove the case to a federal court in Georgia because Plaintiff brought the dispossessory action in Georgia. *See Fed. Nat'l Mortg. Ass'n v. LeCrone*, 868 F.2d 190, 194 (6th Cir. 1989) (holding that defendant's removal of foreclosure action brought in an Ohio state court to an Ohio

8

federal court was improper because defendant was a citizen of Ohio); *see also Bregman v. Alderman*, 955 F.2d 660, 663 (11th Cir. 1992) (finding removal improper because although there was diversity of citizenship, two of the defendants were citizens of the forum state).

For these reasons, the undersigned finds that removal is not proper on the basis of diversity of citizenship.

### *2. Federal Question*

A federal question exists if a civil action is one "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. "To remove a case as one falling within federal-question jurisdiction, the federal question ordinarily must appear on the face of a properly pleaded complaint; an anticipated or actual federal defense generally does not qualify a case for removal." *Jefferson County, Ala. v. Acker*, 527 U.S. 423, 530-31 (1999); *Ervast v. Flexible Prods. Co.*, 346 F.3d 1007, 1013 (11th Cir. 2003) ("[U]nless the face of a plaintiff's complaint states a federal question, a defendant may not remove a case to federal court on [a federal question] basis, even though a possible defense might involve a federal question."). The removing defendant bears the burden of proving a federal question exists. *See Friedman v. New York Life*

AO 72A
(Rev.8/82)

*Ins. Co.*, 410 F.3d 1350, 1353 (11th Cir. 2005); *Leonard v. Enterprise Rent a Car*, 279 F.3d 967, 972 (11th Cir. 2002).

Defendants' two bases for removal – the Seventh Amendment, [Doc. 1-1 at 3-4], and the Fourteen Amendment's Equal Protection Clause, [*id.* at 5-11], – do not demonstrate that the Court has federal question jurisdiction over the dispossessory action. The Seventh Amendment states: "In Suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury, shall be otherwise reexamined in any Court of the United States, than according to the rules of the common law." U.S. CONST. amend. VII. The Fourteenth Amendment states, in relevant part, that "No State shall . . . deny to any person within its jurisdiction the equal protection of the laws." U.S. CONST. amend. XIV, § 1. Here, Defendants appear to be relying on these amendments as defenses to the eviction proceedings. A defense to a civil action does not provide a basis for removal. *See, e.g.*, *Acker*, 527 U.S. at 431 (noting that an actual or anticipated defense does not generally qualify a case for removal). In addition, no federal claim is asserted in FNMA's dispossessory proceeding in state court, in that it claims possession of the premises following a foreclosure sale. [*See* Doc. 1-2 at 1]; *see also Solomon v. Norwest Mortg. Corp.*, 245 Ga. App. 875, 875-76, 538 S.E.2d 783, 784

10

(2000) (holding that following foreclosure, grantor in security deed who remains in possession of the premises is tenant at sufferance and subject to being summarily dispossessed by foreclosure sale purchaser) (citing O.C.G.A. §§ 44-7-50, 44-7-51). Therefore, the undersigned concludes that neither Defendants' answer nor Plaintiff's complaint provide this Court with subject matter jurisdiction over the dispossessory action.

Because Defendants have not shown a legitimate basis to remove Plaintiff's dispossessory action to federal court so as to establish original jurisdiction in this Court, the undersigned **RECOMMENDS** that the case be **REMANDED** to the Magistrate Court of Gwinnett County, Georgia.

C. *Defendants' Motion for Stay*

Defendants also have filed an emergency motion for stay the state court proceedings as a result of the removal. However, since "the court lacks jurisdiction over the action *ab initio*, it is without jurisdiction to enter such a stay." *Stern v. Mutual Life Ins. Co. of N.Y.*, 968 F. Supp. 637, 639 (N.D. Ala. 1997). Because the undersigned has concluded that the case cannot proceed in this Court on the merits due to the lack of subject matter jurisdiction over Defendants' claims, the undersigned

11

**RECOMMENDS** that the District Court **DENY** Defendants' motion for an emergency stay in the state court proceedings.

*Conclusion*

For the above reasons, the undersigned **RECOMMENDS** that the District Court **DENY** Defendants' application to proceed IFP, **DENY** Defendants' motion for an emergency stay of the state court proceedings, and **REMAND** the case to the Magistrate Court of Gwinnett County, Georgia, because this Court lacks original jurisdiction over the dispossessory proceedings. The Clerk is **DIRECTED** to terminate the reference to the undersigned.

**IT IS SO RECOMMENDED AND DIRECTED**, this 28th day of October, 2010.

_____
**ALAN J. BAVERMAN
UNITED STATES MAGISTRATE JUDGE**